IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTFIELD TOUCHSTONE INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>**Plaintiff**<br><br>v.<br><br>**H CONSTRUCTION SERVICES LLC**<br>**433 WILLIAM STREET**<br>**TRENTON, NJ 08610**<br><br>**Defendant** | **CIVIL ACTION**<br>**NO. 25-6636**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Westfield Touchstone Insurance Company, by and through undersigned counsel, brings this Complaint against defendant H Construction Services LLC and alleges as follows:

## PARTIES

1. Plaintiff Westfield Touchstone Insurance Company ("Westfield" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Ohio, whose principal place of business is located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of (*inter alia*) property insurance in the Commonwealth of Pennsylvania.

3. At all times relevant hereto, Plaintiff provided property insurance via a policy issued to Huntingdon Valley Properties ("HVP") in connection with its property located at 1300 Industrial Boulevard, Unit #B4, Southampton, PA 18966 (the "subject

1

property"), which is one unit of a commercial condominium building in which each unit shared one flat roof. Said policy of insurance was in full force and effect at all times relevant hereto.

4. As a result of claims made on said policy by HVP, Plaintiff became subrogated to certain rights and interests of HVP for monies paid thereunder, including the claims giving rise to this action.

5. Defendant, H Construction Services LLC ("Defendant" or "H Construction") is a business entity organized and existing under the laws of the State of New Jersey with its principal place of business located at 433 William Street, Trenton, NJ 08610.

6. At all times relevant hereto, Defendant, upon information and belief, was in the business of, *inter alia*, professional roof repairs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. Prior to December 11, 2024, Forensic Storage & Technology Center ("Forensic Storage") occupied Units #5, #6, and #7 at 1300 Industrial Boulevard, Southampton, PA 18966 (the "origin property"), which is the neighboring property of the subject property.

11. Prior to December 11, 2024, Forensic Storage engaged Defendant to repair the roof above the origin property.

12. On or about December 11, 2024, Plaintiff noticed water damage on the interior of the subject property.

13. An investigation into the cause of the water damage revealed that the roof above the origin property is pitched to drain toward the roof above the subject property. While repairing the roof above the origin property, Defendant did not complete the required nightly tie-in between the two roofs which resulted in water leaking into the subject property during a rain storm and damaging the roof above the subject property.

14. The water damage at the subject property was directly and proximately caused by the Defendant as is further and more fully described below.

15. As a result of the aforementioned harm, HVP sustained damage to its real and personal property in an amount in excess of $75,000.00. As set forth above, Westfield is subrogated to HVP's right of recovery.

**FIRST COUNT – NEGLIGENCE**

16. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

17. Defendant owed HVP a duty of care to, *inter alia*, properly repair the roof above the origin property and not allow water intrusion at the subject property.

18. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability producing conduct of Defendant including negligent acts and/or omissions of Defendant, more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of duties in the repair of the roof at the origin property, including, but not limited to, carelessly and negligently performing the following:

        (1) failing to competently repair the roof at the origin property in a safe and appropriate manner to prevent water intrusion at the subject property;

        (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the repair of the roof at the origin property and the prevent of water intrusion at the subject property; and/or

        (3) failing to properly monitor the work of all agents, subcontractors and/or employees during the repair of the roof at the origin property.

    (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c) failing to adequately warn HVP and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

    (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

    (f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

    (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

19. Defendant's negligent and other unlawful actions and/or omissions were the direct and proximate cause of the damages sustained by HVP.

20. As a result of the aforementioned negligence, HVP sustained damage to its real and personal property in an amount in excess of $75,000.00. As set forth above, Westfield is subrogated to HVP's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SECOND COUNT – BREACH OF WARRANTIES

21. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

22. In furtherance of the aforementioned services performed, Defendant expressly and impliedly warranted that all work performed would be done in a reasonably workmanlike manner, and/or with quality workmanship.

23. Based upon the aforementioned improper conduct on the part of Defendant, personally and through servants, employees, and/or agents as set forth above, Defendant breached these warranties.

24. Plaintiff has performed all conditions precedent to recover based upon such breaches.

25. As a direct and proximate result of such conduct, HVP sustained damage to its real and personal property in an amount in excess of $75,000.00. As set forth above, Westfield is subrogated to HVP's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**de LUCA LEVINE, LLC**

By: *Matthew Connolly*
Matthew Connolly, Esquire
PA Attorney ID No. 201746
de Luca Levine, LLC
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
215-383-0081
215-383-0082 (fax)
Mconnolly@delucalevine.com
Attorneys for Plaintiff,
Westfield Touchstone Insurance Company

Dated: 11/24/2025